In re LITTLE ROCK SCHOOL
DISTRICT, Petitioner.

LITTLE ROCK SCHOOL
DISTRICT, Appellant,

v.

PULASKI COUNTY SPECIAL SCHOOL
DISTRICT NO. 1, Appellee.

Nos. 87–2150, 87–2363.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 3, 1987.

Decided Nov. 5, 1987.

Supplemental Opinion Filed
Feb. 9, 1988.

P.A. Hollingsworth, Little Rock, Ark., for appellant.

William R. Wilson, Jr., Little Rock, Ark., for Judge Woods in mandamus.

Phil Kaplan, Little Rock, Ark., for Little Rock School Dist.

Sam Perroni, Little Rock, Ark., for Rayburn.

Phillip Lyon, Chicago, Ill., for North Little Rock.

Before HEANEY, ARNOLD, and WOLLMAN, Circuit Judges.

ARNOLD, Circuit Judge.

The two proceedings captioned above, together with a number of appeals raising related issues, were argued before us on November 3, 1987, in Little Rock, Arkansas. Two of the many important issues presented deserve immediate answers: (1) Shall the school-board election now scheduled for December 8, 1987, in the Little Rock School District (LRSD), be allowed to take place? (2) Who shall preside over the District Court?

No. 87–2363 is an appeal by LRSD from the District Court's [1] order of October 1, 1987, directing that elections for three school-board positions be held on December 8, 1987. This order is affirmed. We find no error of law, abuse of discretion, or clearly erroneous finding of fact in the District Court's order.

It is our understanding that LRSD is free now to pursue actively the search for a new superintendent, and that it will be free to hire someone right after the election.

No. 87–2150 is a petition for writ of mandamus filed by LRSD, asking us to

1. The Hon. Henry Woods, United States District    Judge for the Eastern District of Arkansas.

declare that Judge Woods should have disqualified himself. In the alternative, it is suggested that we simply direct that another judge be assigned to this case. In addition to the petition for mandamus, various appeals also include suggestions for the disqualification of the trial judge. We are not satisfied that such drastic relief is appropriate.

 Two main grounds for recusal are urged. First, a lawyer with whom Judge Woods once practiced appeared at one time for an *amicus curiae* in a case called *Clark v. Board of Educ. of the Little Rock School Dist.*, No. LR–C–64–155. The District Court first consolidated *Clark* with the instant case, then later severed it and returned it to the docket of another judge. Disqualification is sought under 28 U.S.C. § 455(b)(2), which requires disqualification "where in private practice ... a lawyer with whom [the judge] previously practiced law served during such association as a lawyer concerning the matter." We disagree with this argument. *Clark* was a closed case, or at most dormant, when it was consolidated with this one, and in any event it has now been severed. We do not think that such a fleeting and tenuous connection between the present case and the judge's partner's activities while in practice years ago, was intended by Congress to require recusal.

In addition, the parties seeking disqualification assert that because of certain procedural improprieties the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). We agree that errors of procedure took place, but we do not agree that it is reasonable to infer partiality or bias on the part of the able and experienced District Judge. He has performed with diligence in circumstances that are anything but easy. We decline to remove him from the case.

Another opinion will be filed in due course further explaining our reasons for the conclusions expressed today with respect to the election and disqualification matters, and addressing as well the other questions raised in these cases.

The judgment in No. 87–2363 is affirmed. The petition for writ of mandamus in No. 87–2150 is denied. We direct that our mandates in these two cases issue forthwith.

It is so ordered.